Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 02141 | **DATE** | 2/8/11 |
| **CASE TITLE** | Schwartz vs. Osofsky | | |

### DOCKET ENTRY TEXT

Defendant's Motion to Dismiss or, Alternatively, Transfer Venue [14] is denied.

■[ For further details see text below.]                    Docketing to mail notices.

### STATEMENT

    Defendant Alan Osofsky moves this court to dismiss Plaintiff Martin Schwartz's First Amended Complaint for improper venue or, alternatively, to transfer venue. For the following reasons, the motion is denied.

    Plaintiff sues under federal commodities fraud law, 7 U.S.C. §§ 6b, 6o, and for breach of fiduciary duty under Florida state law, creating jurisdiction under 28 U.S.C. §§ 1331, 1367. The threshold question is whether venue is proper in the Northern District of Illinois. Venue is appropriate where "a substantial portion of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). At issue is whether the events Plaintiff alleges occurred in Chicago constitute "a substantial portion." The Court accepts as true the events alleged in Plaintiff's complaint unless countered by Defendant. Prokop v. Stonemor Partners, L.P., Slip Copy, No. 09 C 4323, 2009 WL 3764103, at *2 (N.D. Ill. Nov. 9, 2009) (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986)). Plaintiff alleges the impetus for the relationship between the parties was to find a trading firm, FC Stone, that could offer a Chicago location to clear trades Plaintiff was struggling to clear in New Year or elsewhere. Compl. at 5. Defendant does not dispute this. Nor does Defendant deny that the trading firm's Chicago employees played some role in Plaintiff's allegations; that the trades Plaintiff alleges served as a vehicle for fraud "cleared" through the Chicago office; or that records of transactions are located in the Chicago office. Id. at 6, 20. Defendant contends "*the* substantial portion of events" transpired elsewhere. Mem. of Law in Supp. of Def.'s Mot. to Dismiss 8 (emphasis added). However, § 1391(b) requires only *a* "substantial portion," not the majority. Accordingly, venue in the Northern District of Illinois is proper.

    Transfer is proper if venue is proper in the transferor and transferee districts, the transferee district also would have jurisdiction, and the convenience of parties and witnesses, and the interests of justice, would be served. 28 U.S.C. § 1404(a). Defendant moves for transfer to the Southern District of New York or to the Southern District of Florida. Defendant has the burden to show a transferee district is "clearly more convenient" than the transferor district. Shields v. Ill. Dep't of Corr., Slip Opinion, No. 10 C 3746, 2011 WL

| STATEMENT |
|---|

52517, at *1 (N.D. Ill. Jan. 6, 2011) (quoting Coffey, 796 F.2d at 291-20)."The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey, 796 F.2d at 219. At issue here are private and public interests under § 1404(a). Courts assess five private factors, which must "weigh heavily in favor of transfer." Prokop, 2009 WL 3764103, at *3. First, Plaintiff's choice of forum is given less weight where, as here, it is not Plaintiff's home. Second, material events occurred in each of the three districts, making this factor neutral. With respect to this factor, however, the Court notes the parties made much of whether or not FC Stone was "headquartered" in Chicago, but the resolution of this fact would not clearly be relevant, much less dispositive. Third, the convenience of parties, both living in Florida, weighs either slightly in favor of transfer to Florida or is neutral. The Court notes, with respect to this factor, the parties' dispute over the thrust of a forum-selection clause purportedly binding Defendant to litigate in Illinois. Even if the clause is valid it would at most stop Defendant from arguing his own inconvenience as grounds for transfer, an argument the Court finds unpersuasive anyway, and does not foreclose the Court from proceeding with the rest of the analysis. See Heller Financial, Inc. v. Midwhey Powder Co., Inc. 883 F.2d 1286, 1293 (7th Cir. 1989). Fourth, the convenience of witnesses is given more weight where, as here, a number of witnesses are non-parties. Defendant concedes, however, that three of Plaintiff's witnesses are in Chicago and, likewise, at least three more witnesses are in New York. (New York is Defendant's first choice as a transferee district.) With roughly matching numbers of witnesses in Illinois and New York, this factor is neutral between Illinois and New York and weighs against transfer to Florida. Fifth, ease of access to proof favors Illinois or is neutral. Defendant does not deny that records Plaintiff claims are relevant are located in Chicago. Reply Mem. of Law in Further Supp. of Def.'s Mot. to Dismiss 4. On the other hand, Defendant correctly observes that "in this day and age of electronic trading" records are likely not sitting in a particular place, but have a more ubiquitous presence. Id. at 7. This factor is therefore neutral as well. See Prokop, 2009 WL 3764103, at *4. On balance, the private factors are neutral. They fail to "weigh heavily in favor of transfer."

    Courts must also weigh public factors, which may alone precipitate transfer. First, speed to trial is neutral, as Defendant concedes. Second, because Plaintiff sues under Florida law, familiarity with applicable law might favor Florida. However, where, as here, the law of fiduciary duty in no way appears complex or novel, this factor is considered neutral. See First Nat'l Bank v. El Camino Res., Ltd., 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006). Third, although Florida has a unique interest in the state law claims, the communities' interest in the federal fraud claims is significant in each of the three districts, but likely somewhat stronger in Chicago and New York where the parties concede most of the actual trading activities occurred; a three-way tug-of-war is still neutral. As such, the public factors on balance do not portray a more efficient administration of justice in Florida or New York than in Illinois.

    Defendant has failed to carry its burden of showing venue would be "clearly more convenient" in Florida or New York than Illinois. Defendant does not actually make such a contention. Defendant argues only that Illinois is "less convenient" while New York and Florida are "more convenient." Even if this were so it would not be enough for transfer. The transferee district must be "clearly more convenient." It is well settled that a court will not transfer venue merely to shift inconvenience from one party to another. Morton Grove Pharm., Inc. v. Nat'l Pediculosis Assoc., 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007); Heller, 883 F.2d at 1293. Accordingly, Defendant's motion to dismiss or, alternatively, to transfer venue is denied.
    IT IS SO ORDERED.