# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 2141 | DATE | 9/20/2011 |
| CASE TITLE | Schwartz vs. Osofsky et al. | | |

### DOCKET ENTRY TEXT

Defendants' motion to dismiss [41] is granted in part and denied in part. The claims against Defendant Soman are dismissed with prejudice. The motion is otherwise denied. Defendants' motion to enforce [54] is denied as moot.

■ [ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Before the court is a motion (the "Motion") by Defendants Greg Greves ("Greves"), Jeff Soman ("Soman"), and FCStone Group, Inc. ("FCStone") (collectively "Defendants") to dismiss all counts of Plaintiff Martin Schwartz's second amended complaint. For the following reasons, the Motion is granted in part and denied in part.

Plaintiff sues Defendants under the anti-fraud provisions of the federal Commodities Exchange Act ("the Act") and state law over an alleged fraudulent investment arrangement. Plaintiff asserts the alleged arrangement occurred from 2005 until August 2009 and involved kickbacks at his expense. The arrangement was allegedly orchestrated by a co-defendant, Alan Osofsky ("Osofsky"), who was Plaintiff's financial adviser. Osofsky joined the Motion through counsel at a September 16, 2011 hearing.

The court notes that its briefing schedule repeatedly extended the deadline for Plaintiff to file a response to the Motion. Because Plaintiff did not file a response, the court considers Defendants' Motion and will grant it if it is meritorious. A motion to dismiss tests the sufficiency of the complaint, not the merits of the case, and the court accepts the complaint's well-pleaded facts as true and construes it in a light most favorable to Plaintiff. See Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wisc., Inc., No. 10-2284, 2011 WL 3873773, at *4 (7th Cir. Sept. 2, 2011). The Motion argues dismissal on grounds of statute of limitations and on a failure to crest Rule 9(b)'s heightened pleading standards for fraud.

In his complaint, Plaintiff asserts he discovered the fraud in August 2009, timely filing suit on April 7, 2010, well within the Act's two-year statute of limitations. Defendants contend that Plaintiff was on notice as of April 2006 and his claims barred as of April 2008. Defendants argue that because Plaintiff was told repeatedly by Danny Riley ("Riley"), a rival broker, that Osofsky and FCStone were in cahoots, Plaintiff should have looked into the matter. Defendant is correct that a plaintiff should make a reasonably diligent inquiry when a person of ordinary intelligence would believe he or she is being defrauded. See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 676 (7th Cir. 2009); see also Tomlinson v. Goldman, Sachs & Co., 682 F. Supp. 2d 845, 846 (N.D. Ill. 2009). But cf. Ryan v. United States, No. 10-

2564, 2011 WL 4350045, at *3 (7th Cir. Sept. 16, 2011) (noting "that due diligence does not mean the maximum feasible diligence") (quotations omitted).

In his complaint, Plaintiff acknowledges receiving two warnings from Riley, first in January 2006 and then in April 2006. Defendant argues that "Plaintiff's own allegations thus show that he did not undertake *any* efforts to confirm" whether Riley's warnings were true. Mot. 7. As an initial matter, the court observes that Plaintiff alleges he believed Riley wanted to handle Plaintiff's accounts, and Osofsky was in the way. A person of ordinary intelligence would regard Riley disparaging Osofsky as consistent with Riley's business interests. Thus is it not clear, based only on the pleadings so far, that Plaintiff should have perceived a clear threat in the first place.

Assuming *arguendo* that Plaintiff should have inquired with reasonable diligence, Defendants fail to mention in their Motion that Plaintiff called Greves twice, once after each Riley warning. The complaint alleges that in the first call Greves obfuscated and stonewalled, and in the second call flatly lied. These allegations appear to state a claim for equitable estoppel. See Cancer Found., Inc., 559 F.3d at 676; see also Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 689 (7th Cir. 2004). Given the state of the record presently, the court cannot say Plaintiff has pled himself out of court. Plaintiff's claims are not clearly untimely, and the Motion to dismiss on the grounds of a statute of limitations is denied.

Plaintiff also alleges Osofsky, Greves, and Soman—the latter two on behalf of FCStone—worked to defraud Plaintiff over the course of four years. Defendants contend that Plaintiff's complaint fails to plead the circumstances of the alleged fraud with particularity as required by Rule 9(b). This ordinarily requires pleading "the who, what, where, where, and why" of the alleged fraud. Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 441-42 (7th Cir. 2011). Defendants also argue that even if pled with adequate particularity, fraud claims fail if made on "information and belief." The exception to this rule is when the plaintiff lacks access to the facts and otherwise adequately pleads the grounds for his suspicions. Pirelli Armstrong, 631 F.3d at 443; see also Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923-24 (7th Cir. 1992); Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683-84 (7th Cir. 1992).

The court agrees with Defendants as far as Soman. Plaintiff's references to Soman in the thirty-five page complaint are brief, cursory, and "on information and belief." In contrast, Plaintiff voluminously details Osofsky's alleged role, which extends well beyond dealings with FCStone and its agents. Plaintiff also describes Greves's conduct in detail sufficient to plead the grounds for his suspicions. This includes allegations, not "on information and belief," of two phone conversations with Greves in which Greves allegedly misled or outright lied to Plaintiff about the alleged fraudulent arrangement with Osofsky. Although Plaintiff's complaint suggests Greves and Soman played similar roles as FCStone executives in carrying out the alleged fraud, the complaint satisfies Rule 9(b) concerning Greves, not Soman.

Accordingly, the claims against Soman are dismissed. Because this is Plaintiff's third complaint, the court dismisses the claims against Soman with prejudice. Further, because federal pleading rules impose no probability requirement on a complaint, "a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Arnett v. Webster, No. 09-3280, 2011 WL 4014343, at *7 (7th Cir. Sept. 12, 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotations omitted). The rest of the Motion is therefore denied.

IT IS SO ORDERED.